UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| EUGENE WOOTTEN, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:05 CV 1851 JCH |
| | ) |
| MONUMENTAL LIFE INSURANCE CO., | ) |
| UNUM PROVIDENT CORP., and | ) |
| KELLWOOD CO., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Kellwood Company's Motion to Dismiss Count III. (Doc. No. 14). The case relates to a 401(k) plan Kellwood issued to Plaintiff Wootten's former wife. For the reasons discussed below, the Court grants in part and denies in part the Motion to Dismiss.

**I.    Background**

Wootten filed his original petition in the Circuit Court of the City of St. Louis on August 18, 2005. (Notice of Removal, Doc. No. 1). Defendants removed to this Court on October 12, 2005, on the basis of federal question jurisdiction, pursuant to 28 U.S.C. § 1331. (Id.). The instant Motion to Dismiss was filed on November 7, 2005. (Doc. No. 14).

Wootten brings suit against three defendants: Monumental Life Insurance Co., UNUM

Provident Corporation, and Kellwood Company. He claims that each defendant maintained a plan for Sandra Wootten, his deceased ex-wife.[1] Monumental and UNUM Provident maintained life insurance policies, and Kellwood maintained a 401(k) savings plan. Wootten asserts that he was the beneficiary under each of these plans, but that Defendants improperly allowed Sandra Wootten's conservator to change the beneficiary under the plans, and then refused to pay him the proceeds upon her death.

Wootten brings his suit under Mo. Rev. Stat. § 475.130, which defines the general duties and powers of a conservator. He asserts that Defendants improperly permitted Judith Dunn, Sandra Wootten's conservator, to remove him as a beneficiary of the life insurance and 401(k) plans. (Notice of Removal, Doc. No. 1, attached exh. 1 ("Complaint")).

Kellwood moves to dismiss Count III, the sole count against it. In support of its Motion to Dismiss, Kellwood raises three arguments: (1) that in the marital settlement agreement, Wootten relinquished any rights to benefits under the 401(k) plan; (2) that Wootten's state law claims are preempted by ERISA; and (3) that Wootten failed to exhaust his administrative remedies.

## II. Discussion

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A cause of action should not be dismissed for failure to state a claim unless, from the face of the Complaint, it appears beyond a reasonable doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co., Inc. v.

---

[1] Sandra and Eugene Wootten were divorced in 1990. She became incapacitated sometime after that date, and Judith Dunn was appointed her guardian and conservator. Sandra Wootten died in 1999.

United States, 580 F.2d 302, 306 (8th Cir. 1978). Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982).

A.     Marital Settlement Agreement

Kellwood first argues that Wootten assigned his rights to the 401(k) plan in the 1990 marital settlement agreement. (Memorandum in Support of Motion to Dismiss, Doc. No. 15 at 5). Kellwood attaches the marital settlement agreement to support its argument that Wootten has no rights in the 401(k) plan.[2] (Doc. No. 15, attached exh. A). The Court notes, however, that nine years passed between the marital settlement agreement and Sandra Wootten's death. In the Complaint, Wootten alleges that at the time of Sandra Wootten's incapacitation, he was the beneficiary of her 401(k) plan, and that Kellwood improperly allowed the conservator to remove him as beneficiary.[3] (Complaint, at 4).

Kellwood has not shown that Wootten "can prove no set of facts in support of his claim which would entitle him to relief." See Conley, 355 U.S. at 45-46. Wootten has alleged sufficient facts

---

[2] As a public record, the marital settlement agreement can be considered on a motion to dismiss. State ex rel. Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102, 1107 (8th Cir. 1999).

[3] Wootten also attaches an affidavit of what he asserts occurred between the divorce and Sandra Wootten's death. Because materials are submitted outside the pleadings, the Court could consider the affidavit by converting the motion to dismiss into a motion for summary judgment. Fed. R. Civ. P. 12(b). The Court notes, however, that the relevant portions of the affidavit are hearsay and are thus not proper evidence for a motion for summary judgment. See Fed. R. Civ. P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence"). The Court continues to treat Kellwood's motion as a motion to dismiss.

on the face of the Complaint to withstand a motion to dismiss.

B.     ERISA Preemption

Kellwood next argues that Wootten's state law claims are preempted by ERISA and must be dismissed. It argues that Wootten's claim is essentially one for payment of benefits under ERISA,[4] and that Wootten's sole remedies are thus under ERISA. (Memorandum in Support of Motion to Dismiss, Doc. No. 15 at 9). Wootten responds that ERISA does not preempt Mo. Rev. Stat. § 475.130 because no "Federal statute, regulation, or code . . . usurps Missouri's statutes with respect to the powers and duties of a conservator." (Plaintiff's Response, Doc. No. 20, at 2). The Court agrees with Kellwood and holds that Wootten's claim is preempted by ERISA.

> Wootten's primary allegations and prayer for relief against Kellwood are:
>
> [17].   That prior to Sandra Wootten's death, Defendant allowed Judith A. Dunn to change beneficiaries of the 401-k retirement plan in direct violation of Missouri Revised Statutes § 475.130 et seq.
>
> [18].   That demand has been made on Defendant to pay the plan proceeds to Plaintiff in this action, but Defendant refuses and continues without justification or excuse to pay the proceeds of the 401-k retirement plan.
>
> WHEREFORE, Plaintiff prays for judgment against Defendant Kellwood Company for the amount of the policy proceeds, which have not been disclosed, for prejudgment interest, for costs, and for such other and further relief as this Court deems just and proper.

(Complaint, Doc. No. 1, attached exh. 1, at 4-5).

The Employee Retirement Income Security Act of 1974 ("ERISA"), codified at 29 U.S.C. § 1001 et seq., is a "comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans." Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 90 (1983).

---

[4] It is undisputed that the Kellwood 401(k) plan is an employee benefit plan under ERISA.

4

ERISA § 514 states that the statutory scheme "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA. 29 U.S.C. § 1144(a). "The question of whether a certain state law is preempted by ERISA is necessarily a question of legislative intent, and the Supreme Court has left no doubt that Congress intended the preemption clause to be construed extremely broadly." Kuhl v. Lincoln Nat. Health Plan of Kansas City, Inc., 999 F.2d 298, 301 (8th Cir. 1993).

The Court must thus determine if Mo. Rev. Stat. § 475.130 "relates to" an employee benefit plan. In general, a state law "'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan. Shaw, 463 U.S. at 97. But § 514 does not preempt "only state laws specifically designed to affect employee benefit." Id. at 98. See also Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 139 (1990) ("a state law may 'relate to' a benefit plan, and thereby be pre-empted, even if the law is not specifically designed to affect such plans, or the effect is only indirect.").

In the instant case, Wootten brings his suit under a state law governing duties and powers of conservators. He asserts that when Kellwood allowed the conservator to perform an action outside of the scope of her powers, it violated the statute.[5] Artful pleading, however, does not change the fact that Wootten's claims are essentially for payment of benefits due under an ERISA plan.[6] Kuhl, 999 F.2d at 303. Wootten does not allege that Kellwood itself was Sandra Wootten's conservator.

---

[5] Wootten really asserts a violation of Mo. Rev. Stat. § 475.134, which concerns the liability for third parties who deal with a conservator.

[6] "Plaintiff prays for judgment against Defendant Kellwood Company for the amount of the policy proceeds. . . ." (Complaint, Doc. No. 1, at 5).

5

He alleges that Kellwood dealt with a conservator who acted outside the scope of her powers.[7] Wootten's claims are for the breach of fiduciary obligations. While it is true that ERISA does not explicitly govern the powers of a conservator, it does impose fiduciary obligations.[8] ERISA § 404, 29 U.S.C. § 1104. A beneficiary may bring a civil suit for breach of fiduciary duty. ERISA 502(a)(2), 29 U.S.C. § 1132(a)(2); ERISA § 409, 29 U.S.C. § 1109. If, as Wootten asserts, he is the proper beneficiary of the 401(k) plan then his suit, "as a suit by a beneficiary to recover benefits from a covered plan, . . . falls directly under § 502 . . . of ERISA, which provides an exclusive federal cause of action for resolution of such disputes." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987). See also Aetna Health Inc. v. Davila, 542 U.S. 200, 209 (2004) ("any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted"). Thus, Wootten brings a state law claim against an ERISA plan that is enforceable under ERISA § 502, and is therefore preempted.

The Court grants Kellwood's motion to dismiss Wootten's state law claims. The Court also grants Wootten leave to amend his Complaint to state explicitly a cause of action under ERISA. Fed. R. Civ. P. 15(a) ("leave [to amend] shall be freely given when justice so requires").

C.   Exhaustion of Administrative Remedies

Kellwood also asserts that Wootten's claim should be dismissed for failure to exhaust his

---

[7] The Court notes that the conservator herself is not a defendant in this suit.

[8] These fiduciary duties are drawn from the common law of trusts. Varity Corp. v. Howe, 516 U.S. 489, 496 (1996). Mo. Rev. Stat. § 475.130 is also based on the common law of trusts. See Restatement (Second) of Trusts §§ 164-196 (enumerating the powers and duties of trustees).

administrative remedies. Wootten responds that he was unable to exhaust administrative remedies because of Kellwood's inaction. He states that, on more than one occasion, he attempted to contact Kellwood to obtain a copy of the plan documents, but was unable to speak to anyone or to obtain the information that he requested. He also asserts that his attorney attempted to contact Kellwood prior to filing the suit, but received no response.[9] (Plaintiff's Response, Doc. No. 20, at 3). Kellwood further asserts that telephonic inquiries are insufficient to exhaust remedies, because a written claim was never filed.[10] (Defendant's Reply, Doc. No. 21, at 7).

Courts require ERISA plaintiffs to exhaust the plan review procedures before bringing suit, when the plan clearly requires exhaustion. Norris v. Citibank, N.A. Disability Plan (501), 308 F.3d 880, 884 (8th Cir. 2002). There are many substantial reasons that Courts require exhaustion: the rule "enables an employer, or its plan, to obtain full information about a claim for benefits, to compile an adequate record, and to make a reasoned decision. The process is of substantial benefit to reviewing courts, because it gives them a factual predicate upon which to proceed." Back v. Danka Corp., 335 F.3d 790, 792 (8th Cir. 2003). The exhaustion requirement is not, however, absolute. Exhaustion is not required when it would be futile. Burds v. Union Pacific Corp., 223 F.3d 814, 817 n.4 (8th Cir. 2000). Exhaustion is also not required when the plaintiff does not know of the plan remedies because he never received a copy of the plan documents. Back, 335 F.3d at 792. See also Conley v. Pitney Bowes, 34 F.3d 714, 718 (8th Cir. 1994) (applying a contract analysis, exhaustion not required when the plaintiff has no actual knowledge of plan's appeals procedure). Similarly, exhaustion is not required of non-employee beneficiaries. Metropolitan Life Ins. Co. v. Person, 805 F. Supp. 1411,

---

[9] It is not clear whether Wootten's attorney contacted Kellwood in writing or by telephone.

[10] The plan documents require a claim to be submitted in writing. (Memorandum in Support of Motion to Dismiss, Doc. No. 15, attached exh. B, ¶ 12.6).

1419 (E.D. Mich.1992) ("Non-employee beneficiaries, such as ex-spouses, cannot reasonably be expected to be aware of ERISA's strict rules regarding the exhaustion of administrative remedies.").

Because the record before the Court regarding the exhaustion requirement is inadequate, the Court denies without prejudice Kellwood's motion to dismiss for failure to exhaust administrative remedies.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiff's state law claims against Kellwood is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Count III (Doc. No. 14) for failure to exhaust administrative remedies is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff is given until **Friday, February 10, 2006** to file an amended complaint stating a cause of action under ERISA.

Dated this 30th day of January, 2006.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE