UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EUGENE WOOTEN,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:05 CV 1851 JCH |
| | ) |
| MONUMENTAL LIFE INSURANCE CO., | ) |
| UNUM PROVIDENT CORP., and | ) |
| KELLWOOD CO., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Kellwood Company's Motion to Dismiss Count III. (Doc. No. 27).

Earlier this year, this Court ruled that Plaintiff's claim against Kellwood was preempted by ERISA and ordered Plaintiff to file an amended complaint to "explicitly [state] a cause of action under ERISA." (Memorandum and Order, Doc. No. 22). Plaintiff did file an amended Complaint, but did not allege a violation under ERISA. Defendant Kellwood now moves the Court to dismiss Count III[2] of Plaintiff's Complaint for three reasons: (1) Plaintiff did not comply with the Court order; (2) Plaintiff's claim fails as a matter of law; and (3) Plaintiff's state law claims are preempted by ERISA. As to Defendant's second argument, Defendant asserts that if Plaintiff states a claim under

---

[1] There is some confusion over the spelling of Plaintiff's name. The Court adopts the version used in Plaintiff's most recent filings.

[2] This is the only count against Defendant Kellwood.

1

ERISA, it is for breach of fiduciary duties under ERISA § 502(a)(3), and that ERISA does not permit this claim when the sole remedy is payment of plan benefits. Plaintiff responds that he is not claiming a violation of ERISA § 502(a)(3), but of § 502(a)(1)(B). He further asserts that because he alleges every element necessary for § 502(a)(1)(B), that Defendant "is well aware of the Section of the ERISA Act at issue."

After careful consideration of the briefs, the Court denies Defendant's motion and grants Plaintiff one final chance to amend his complaint. Plaintiff believes that, even though he never mentions the section number or even the name "ERISA," Defendant knows under which provision of ERISA he brings suit. This is clearly not the case, as Defendant argues for dismissal of Plaintiff's ERISA § 502(a)(3) claim, when Plaintiff believes that he is suing under § 502(a)(1)(B). Federal courts have a minimal standard of pleading, requiring only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff has not met that standard.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Count III (Doc. No. 27) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff is given until **Friday, May 12, 2006** to file an amended complaint that clearly **states a cause of action under ERISA**.

Dated this 2nd day of May, 2006.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE